UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 6:19-cr-136-Orl-37TBS

DONDI KENTRAIL FREENEY

## GOVERNMENT SENTENCING MEMORANDUM

In just one month of January 2016, the Defendant and his conspirators arranged for 14 kilograms of cocaine to be sent through the mail from southern California into Central Florida.  While under surveillance and on a phone monitored by the FBI, the Defendant collected cash from his Florida crew, delivered it to the Californian supplier's Florida representative, met in person with the source of supply to give addresses for shipments, directed his Florida crew to give him the addresses he needed for that meeting, confirmed when his crew as receiving the expected packages, and worked with them to locate a lost package (that were actually seized) – even giving the post office the number of one of his Florida conspirators and telling him to pretend to be the fake individual named on the package when they called.  Defendant now objects to being sentenced as a "manager or supervisor" of criminal activity. This enhancement is entirely justified and the Defendant should be sentenced for the leadership role he played in this conspiracy.

## ARGUMENT

In preparation for sentencing, the Defendant has cited several cases to argue that the enhancement for his role as a "manager or supervisor" was inappropriate. The Defendant points out that this enhancement "cannot be based solely on a finding that a defendant managed the assets of a conspiracy," *United States v. Glover*, 179 F.3d 1300, 1303 (11th Cir. 1999), and that the relationship with other conspirators must be more than a "mere buyer/seller relationship" – even of a large quantity of drugs. *United States v. Glinton*, 154 F.3d 1245, 1260 (11th Cir. 1998). Indeed, the Defense has argued that the mere admission --- without more – that a drug conspirator "orchestrated" several shipments, along with evidence that he was directly involved in a wire transfer and (with co-conspirators) "utilized other individuals" to mail and receive shipments, did not justify this enhancement. *United States v. Martinez*, 584 F.3d 1022, 1028 (11th Cir. 2009). All of these cases recognize that this enhancement must rest on at least some "evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." *Id.* at 1026.

At the same time, the District Court is "not required to find that [the Defendant] was the single mastermind of the entire scheme in order to apply the leadership enhancement." *United States v. Douglas*, 2019 WL 3714751, at

*3 (11th Cir. Aug. 7, 2019). Indeed, "[t]he assertion of control or influence over only one individual is sufficient to support the role enhancement." *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000).

The facts set forth in the guilty plea and PSR justify this enhancement. On January 4 and 5, 2016, the Defendant conferred with one of his co-conspirators, Antonio Chandler, about obtaining cocaine from a source in Tampa. These conversations show Chandler providing information to Freeney about how much money he could gather and Freeney authorizing the deal as long as the source would meet Chandler half way from Tampa. *See* Final PSR ¶¶ 14, 15, 17 (Dkt. 23); Plea Agreement at 23-24 (Dkt. 3.). On January 12, 2016, Freeney met with the California source of supply to provide addresses for shipments, and was heard on the phone confirming a "Big Ben" address they had clearly discussed in person. PSR ¶¶ 25, 26, 27, Plea Agreement at 26-27. One of the shipments of 2 kilos of cocaine that was intercepted by law enforcement was directed to an address on Big Ben Drive in Daytona, Florida that is associated with co-conspirator Benjamin Robinson. PSR ¶ 30. Also during the January 12, 2016 meeting with the supplier, Freeney was heard directing another conspirator, Telvin Williams, to provide his "Hartwell" address. PSR ¶¶ 25, 26, 27, Plea Agreement at 26-27. Another shipment identified through postal records — a shipment sent from

the same area in California weighing the same amount as the seized shipment – was sent to an address on Hartwell Avenue in Sanford Florida. On January 14 and 15, 2016, Freeney called Williams and Robinson to tell them to keep their "eyes on the road" as the shipments were expected to arrive and, then, getting confirmations when packages were received. PSR ¶¶ 29, 30, 31; Plea Agreement at 28. Freeney was not just arranging shipments; he was supervising their transit by calling his conspirators, getting information from them, and ensuring they were being received as expected.

When the "Big Ben" package went missing (because it was seized by the FBI), Freeney gave the post office Chandler's number and then called Chandler and directed him to pretend to be "Brian Stein" – the fake name that was used as the recipient on the missing package. PSR 33, Plea 28. When Chandler could not understand the direction, Freeney repeated it – spelling out the name and ordering Chandler to write the name down. *Id.*

Unlike the *Martinez* cited by the defense, the evidence here shows that Freeney was not a mere "subordinate charged with dealing with the relatively minor details of completing" shipments of drugs. *Martinez*, 584 F.3d at 1028. The evidence shows that Freeney was supervising individuals – getting information from conspirators to arrange who was getting what, where, and when and confirming when it happened. Freeney did not ask Chandler if he

4

would mind pretending to be "Brian Stein" to try to retrieve missing cocaine. He gave the post office Chandler's phone number and then ordered him to do what he said --- to pretend to be the fake "Brian Stein" in order to retrieve a package he thought was lost. When Chandler did not understand, Freeney repeated his directions and even told him how to memorialize the information. Freeney was not just a manager but a micro-manager of this criminal enterprise and because "[t]he assertion of control or influence over only one individual is sufficient to support the role enhancement," *Jiminez*, 224 F.3d at 1251, this evidence alone supports Freeney's enhanced sentence.

   The Government submits this written brief to address this particular legal issue and stands ready to address any other outstanding issues at the sentencing hearing.

               Respectfully submitted,

               MARIA CHAPA LOPEZ
               United States Attorney


     By:  *s/ Dana E. Hill*
         Dana E. Hill
         Assistant United States Attorney
         USA No. 189
         400 W. Washington Street, Suite 3100
         Orlando, Florida 32801
         Telephone: (407) 648-7500
         Facsimile: (407) 648-7643
         E-mail: Dana.Hill@usdoj.gov

| | |
|---|---|
| U.S. v. DONDI KENTRAIL FREENEY | Case No. 6:19-cr-136-Orl-37TBS |

### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David L. Haas, Esquire (counsel for Defendant)

*s/ Dana E. Hill*
Dana E. Hill
Assistant United States Attorney
USA No. 189
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:  Dana.Hill@usdoj.gov